JS 44 (Rev 06/17)

# CIVIL COVER SHEET

18CV 5067

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Yahcob Swinton

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona; 215-625-0330
121 South Broad Street, Suite 1200
Philadelphia, PA 19107

## DEFENDANTS
SEPTA and Local 234

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine — ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle — ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability — ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury — ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice — ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADAAA

Brief description of cause:
Disability discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

NOV 23 2018

DATE: 11/23/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CFK

18CV5067

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 242 Sanford Road, Upper Darby, PA 19082

Address of Defendant: 1234 Market Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Philadelphia

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/23/2018

*Attorney-at-Law / Pro Se Plaintiff*

57026
*Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify)* _____

**B. Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability - Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

---

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Olugbenga O. Abiona, Esquire**, counsel of record or pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☑ Relief other than monetary damages is sought.

DATE: 11/23/2018

*Attorney-at-Law / Pro Se Plaintiff*

NOV 23 2018

57026
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

CFK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| YAHCOB SWINTON | : • | CIVIL ACTION |
| v. | : | |
| SEPTA, et al. | : | NO. 18cv5067 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do ~~not fall into~~ any one of the other tracks.  ( x )

| 11/23/2018 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-625-0330 | 215-625-0159 | oluesq@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 23 2018

CFK

#400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAHCOB SWINTON<br>**Plaintiff**<br><br>v.<br><br>Southeastern Pennsylvania Trans. Auth.<br>Transportation Workers Union Local 234<br>**Defendants** | Civil Action No. 18cv5067 |

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages against SEPTA under his ADA violation claim, and seeks the Court's equity powers to enforce his rights under the CBA between SEPTA and Local 234 and order an arbitration of his grievance against SEPTA and upon his causes of action, avers as follows:

2. Plaintiff's action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), under the ADA Amendment Act of 2008, ("ADAAA") and the Pennsylvania Human Relations Act, (PHRA), rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania, which prohibit discrimination on the bases of disability by employers, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate disability discrimination and retaliation by Defendant SEPTA because Plaintiff engaged in protected activities under these statutes.

1

3. This action is also instituted and authorized by the Pennsylvania Labor Relations Act (PLRA) and Pennsylvania Labor Relations Act, (PERA), and both Defendants SEPTA being a public employer and Defendant Transportation Workers Union Local 234 ("Local 234") a public employee union, fall within the meaning of public employer and public employee union under PERA.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.

5. This Court also has supplemental jurisdiction over Plaintiff's state claims.

6. Plaintiff has also exhausted his administrative remedies before bringing his ADA and PHRA claims against SEPTA to Court. Plaintiff dual filed his administrative complaints of discrimination and retaliation against SEPTA with the EEOC. On October 2, 2018, the EEOC issued Plaintiff his right to sue letter to take his ADAAA claim to court, a copy of which is attached hereto.

7. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III. PARTIES

8. Plaintiff is a resident of the City of Philadelphia, living at 242 Sanford Road, Upper Darby, PA 19082.

9. Defendant, Southeastern Pennsylvania Transportation Authority (SEPTA) is a state created Authority, which operates buses and trains in Southeastern Pennsylvania. SEPTA is a public employer within the meaning of the PA Labor Relation Act 43 P.S. 1100 et. seq.

2

10. Defendant, Transport Workers Union-Local 234 (Local-234) is a Labor Union, which is the collective bargaining representative for employees who were employed as bus operators at various sites in the SEPTA's work areas. Local 234 is an public employee organization within the meaning of PLRA and Local 234 was the exclusive representative of all employees of SEPTA in its transportation and maintenance units under a collective bargaining agreement (CBA), including Plaintiff.

## IV.    BRIEF STATEMENT OF FACTS

11. Plaintiff was hired by SEPTA on or about April 25, 2011 as a Bus Operator.

12. In or about May 2016, Plaintiff went out sick as a result of a back injury.

13. Prior to Plaintiff's injuries in 2016, Plaintiff had been previously promoted to the position of a Transportation Manager on or about June 24, 2012. Plaintiff voluntarily returned to the position of Bus Operator at Midvale District in or about January 2015.

14. He submitted a sick leave benefit claim to SEPTA's Human Resources.

15. On or about October 23, 2016, Plaintiff suffered a non-work related injury; a right trimalleolar ankle fracture-subluxation and post-op wound complication medical.

16. Plaintiff dove down the stairs to assist his daughter who was falling down the stairs. Plaintiff broke his ankle in the process and was hospitalized as a result.

17. The wound from this injury got infected, resulting in Kidney failure 50%, and Plaintiff was hospitalized from November 22 to November 25, 2016 at Delaware County Memorial Hospital and from November 25, 2016 to November 28, 2016 at University of Pennsylvania Hospital.

3

18.     When Plaintiff got a letter from his work location at SEPTA telling him to return to work in December 2016, Plaintiff was provided with a letter from his doctor which Plaintiff provided to SEPTA indicating that Plaintiff was still disabled from surgery on his rotator cuff and could not return to work as a bus operator.

19.     In or about March 2017, Plaintiff reported to SEPTA's Medical Department for examination and requested a reasonable accommodation of continued medical leave because of his disability.

20.     Thereafter, Plaintiff contacted Jacqueline Hopkins, SEPTA's EEO Director, and requested reasonable accommodation to use his sick leave because of his disability. Plaintiff was given until April 25, 2017 to return to work.

21.     While Plaintiff was out on leave, it was determined by his treating physician that Plaintiff could no longer safely perform his job duties as a bus operator as a result of his disability.

22.     Thereafter Plaintiff submitted a letter to SEPTA indicating that he needed to be disqualified as a bus operator because of his disability and sought accommodation to be reassigned to another position at SEPTA that he was qualified for.

23.     SEPTA has a policy and practice of reassigning bus operators who are medically disqualified because of injuries or disabilities to other qualified positions, including but not limited to Cashier position.

24.     Also, Plaintiff could have been returned to his previous position of Transportation Manager as a form of accommodation for his disability since Plaintiff was qualified for that position, and SEPTA had vacant Transportation Manager positions during the relevant time period.

25. However, SEPTA failed to engage Plaintiff in a good faith interactive process to accommodate his disability.

26. When Plaintiff met Hopkins, he told her about wanting to be medically disqualified as a bus operator and reassigned to another position and that his doctor's appointment was April 11, 2017.

27. On or about April 18, 2017, Plaintiff submitted his request for medical disqualification from the position of Bus Operator as a result of his disabilities and requested accommodation to be provided alternative positions he was qualified to perform in spite of his disabilities.

28. As part of his request for medical disqualification submission, Plaintiff provided sick leave verification and his medical records from his physician to support his disability and injuries to SEPTA's Medical Department on or about April 18, 2017. Plaintiff gave all these documents to SEPTA's Medical Librarian Latoya Reid.

29. On or about April 24, 2018, Plaintiff received a letter dated April 21, 2017 from SEPTA Medical Director, Dr. Erinoff requesting additional information with regards to his request for disqualification as a bus operator and to be reassigned to another position.

30. Dr. Erinoff gave Plaintiff until May 19, 2017 to produce the requested information.

31. On April 24, 2017, before the expiration of his medical leave, Plaintiff immediately contacted Ms. Hopkins and requested additional extension of his medical leave as a form of reasonable accommodation so he could obtain the additional information requested by SEPTA's Medical Department in order to disqualify Plaintiff as a bus operator and initiate the process to have him reassigned to another position he was qualified for.

32. However, SEPTA's EEO Director, Ms. Hopkins refused to extend Plaintiff's sick leave to accommodate his disabilities and said Plaintiff could only get one extension as a form of accommodation.

33. Plaintiff immediately contacted his Union and told them about his situation.

34. Ms. Hopkins' failure to provide Plaintiff an extension of sick leave as a form of accommodation of Plaintiff's disability to obtain the additional information requested by SEPTA's Medical Director, knowing full well that Plaintiff could not return to work as a bus operator because of his disability, was in bad faith and a violation of the ADAAA provision for employers to engage in good faith interaction in providing reasonable accommodation for employees with disabilities.

35. Because of his disability Plaintiff could not return to work on April 25, 2017 as a bus operator and continued processing his request for accommodation to be disqualified as a bus operator and reassigned to another position.

36. On or about May 5, 2017, before the deadline given to him by Dr. Erinoff, Plaintiff submitted to SEPTA's Medical Department the additional information requested by Dr. Erinoff to process Plaintiff's request to be medically disqualified as a bus operator.

37. Plaintiff was thereafter called and told he had been dropped from SEPTA's roll, meaning he had been terminated, and to come back and pick up his documents and to contact his union.

38. Plaintiff was also told that some documents were missing from his medical folder at SEPTA.

39. Local 234 official Ron Newman's girlfriend, Shante Reid, is the daughter of SEPTA's Medical Librarian, Latoya Reid, who was responsible for Plaintiff's missing medical records.

## COUNT I - ADAAA VIOLATION-FAILURE TO ACCOMMODATE

### PLAINTIFF V. SEPTA

40. Plaintiff incorporates the allegations in paragraphs 1 to 39 above as if same were fully set forth herein.

41. The acts and conducts of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant failed to provide Plaintiff reasonable accommodation because of his disabilities were violations of Plaintiff's rights under the Americans with Disabilities Act Amended Act.

42. As a direct result of the said discriminatory practices of the Defendant SEPTA, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, anxiety, consequential financial loss, emotional distress, humiliation, and damages to reputation.

## COUNT II - PHRA VIOLATION-FAILURE TO ACCOMMODATE

### PLAINTIFF V. SEPTA

43. Plaintiff incorporates the allegations in paragraphs 1 to 42 above as if same were fully set forth herein.

44. The acts and conducts of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant failed to provide Plaintiff reasonable accommodation because of his disabilities were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

45. As a direct result of the said discriminatory practices of the Defendant SEPTA, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back

pay, loss of front pay, interest due therein as well as mental anguish, anxiety, consequential financial loss, emotional distress, humiliation, and damages to reputation.

## COUNT III – ADAAA VIOLATION –RETALIATION
### Plaintiff v. SEPTA

46. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 45 as if the same were fully set forth at length herein.

47. The acts and conducts of the Defendant SEPTA, through its officers, managers, directors, supervisors, employees and agents as stated above where Defendant subjected Plaintiff to retaliatory termination because he engaged in protected activities under the ADAAA were violations of Plaintiff's rights under the Americans with Disabilities Act Amended Act.

48. As a direct result of the said retaliatory practices of the Defendant SEPTA, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, anxiety, consequential financial loss, emotional distress, humiliation, and damages to reputation.

### COUNT IV- PHRAVIOLATION – Retaliation
### Plaintiff v. SEPTA

49. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 48 as if the same were fully set forth at length herein.

50. The acts and conduct of the Defendant SEPTA as stated above where Defendant subjected Plaintiff to retaliatory adverse actions because he engaged in protected activities under the statute were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

51. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of

8

front pay, interest due therein as well as mental anguish, anxiety, consequential financial loss, emotional distress, humiliation, and damages to reputation.

## COUNT V – BREACH OF DUTY OF FAIR REPRESENTATION

### PLAINTIFF v. SEPTA AND LOCAL 234

52. Plaintiff incorporates the allegations in paragraphs 1 to 50 above as if same were fully set forth herein.

53. At all times material to this action, there was a Collective Bargaining Agreement, ("CBA"), a labor contract in effect between SEPTA and the Local 234 and Plaintiff was a third-party beneficiary of said agreement.

54. At all times material to this action, Plaintiff was a member of Local 234 and an employee for SEPTA.

55. Following SEPTA's termination of Plaintiff's employment on or about April 25, 2017, Plaintiff filed a grievance under the collective bargaining agreement through his union Local 234, in a timely fashion, contending he was terminated without just cause.

56. Following SEPTA's Labor Relations' decision, the grievance proceedings under the CBA mandates that Plaintiff's final step was for the Union to demand arbitration by a neutral arbitrator; which would include SEPTA's burden to prove it had just cause to terminate Plaintiff.

57. Local 234 was aware that Plaintiff submitted disqualification paperwork to SEPTA's Medical on April 18, 2017, seven days before Plaintiff was dropped from the rolls by SEPTA on April 25, 2017, breaching the CBA between SEPTA and Local 234.

58. Local 234 had information contradicting SEPTA's assertion that it did not receive an April 18, 2017 request for medical disqualification from Plaintiff, and that the mother of

9

Newman's girlfriend, Latoya Reid was responsible for the missing documents in Plaintiff's medical file at SEPTA's Medical Department.

59. When Local 234 assigned Ron Newman and Gary Steps as Plaintiff's Union representatives during grievance hearings on behalf of Plaintiff regarding his termination by SEPTA, in December 2017 and January 2018, Plaintiff advised Local 234's President of his objections to these individuals as his representatives because they were both incompetent to do so because of their prior activities and that Mr. Newman was compromised because of his relationship with the Medical Librarian and because of prior animosity towards him by Mr. Steps.

60. On or about February 8, 2018, Local 234 advised Plaintiff that it would not take Plaintiff's grievance to binding arbitration.

61. Under the CBA between SEPTA and Local 234, Plaintiff could not take his grievance to arbitration on his own. Local 234 is the only entity that could take Plaintiff's grievance under the CBA to arbitration.

62. On February 20, 2018, Plaintiff appealed Local 234's decision not to take his grievance with SEPTA under the CBA to arbitration.

63. On March 6, 2018, Local 234 denied Plaintiff's appeal to take his case to arbitration.

64. The action of Local 234 in failing to take Plaintiff's grievance to arbitration constituted a violation of Local 234's duty of fair representation owed to Plaintiff.

65. The action of the Local 234 in failing to arbitrate SEPTA's termination of Plaintiff without just cause constituted a beach of Local 234's duty of fair representation owed to Plaintiff.

66.     Under the Public Employee Relations Act, ("PERA") an employee may bring an action in equity against his or her union for violating its duty of fair representation to its member employee.

67.     Plaintiff is also required to join his employer, SEPTA, as a necessary defendant in his case under PERA, so that he can receive a "make whole" remedy under the Act.

WHEREFORE, Plaintiff requests this honorable court issues an order requiring Defendants to arbitrate Plaintiff's discharge and award Plaintiff legal fees and cost against Defendants related to filing this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A.      Awarding Plaintiff's loss back pay, interest therein and compensatory damages against SEPTA under his ADAAA and PHRA claims.

B.      Enter judgment that Defendants pay Plaintiff's costs of suit and attorneys' as permitted by law; and

C.      Award such other equitable relief under the ADAAA and PHRA, as the Court may deem necessary and just, including but not limited to an Order to make whole and reinstate his employment for violating these statutes.

_ _ _ _ _ _ _ _
Olugbenga O. Abiona, Esquire
ABIONA LAW PLLC
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 625-0330
Attorney for Plaintiff

Dated: November 23, 2018

EEOC Form 161 B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Yahcob K. Swinton<br>242 Sanford Road<br>Upper Darby, PA 19082 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 530-2018-00479 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*

*10-02-2018*
*(Date Mailed)*

Enclosures(s)

Jamie R. Williamson,
District Director

cc: **Ekaette Oduok**
**EEO/Employee Relations Manager**
**SEPTA**
**1234 Market St.**
**9th Floor**
**Philadelphia, PA 19107**